

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-1997

# Roussos v. Menifee

Precedential or Non-Precedential:

Docket 97-7011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Roussos v. Menifee" (1997). *1997 Decisions.* Paper 160.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/160

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 97-7011

—————————

VICTOR M. ROUSSOS,

Appellant

v.

FREDERICK MENIFEE, WARDEN,

Appellee

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 96-cv-01675

—————————————

Argued July 8, 1997

Before:  BECKER and SCIRICA, <u>Circuit Judges</u> and KELLY, <u>District
Judge</u>[*]

(Filed July 18, 1997)

PETER ST. PHILLIP, ESQUIRE (ARGUED)
135 So. 19th Street, Suite 200
Philadelphia, PA 19103

<u>Counsel for Appellant</u>


DAVID M. BARASCH, ESQUIRE
United States Attorney
ANN K. FIORENZA, ESQUIRE (ARGUED)
Assistant United States Attorney
LARRY B. SELKOWITZ, ESQUIRE
Assistant United States Attorney
228 Walnut Street
Harrisburg, PA 17108

<u>Counsel for Appellee</u>

_____

* The Honorable James McGirr Kelly, United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

1

---

OPINION OF THE COURT
---

BECKER, <u>Circuit</u> <u>Judge</u>.

Victor M. Roussos is a federal prison inmate serving a term for conspiracy to distribute a controlled substance, 21 U.S.C. § 846. He appeals from an order of the district court denying his petition for a writ of habeas corpus, 28 U.S.C. § 2241. Roussos completed a rigorous 500 hour Federal Bureau of Prisons ("BOP") drug treatment program which he believed made him eligible for early release. The BOP, however, ruled him ineligible because one of the arresting officers found a gun in his vacation home, and the sentencing court enhanced Roussos' sentence by two levels as a result of this finding. The enhancement, in turn, led the BOP, on the basis of a "Program Statement," to classify Roussos' offense as a crime of violence, thereby disqualifying him for early release. Roussos' appeal presents two related questions: (1) whether the enhancement renders the drug conspiracy conviction a violent offense; and (2) whether the Program Statement is therefore inconsistent with the congressional statute authorizing early release and with the BOP regulations interpreting the statute, so that Roussos must be granted relief. Roussos so contends, arguing that the BOP action violates his rights. We agree, and hence we shall vacate the district court's order and remand for proceedings consistent with this opinion.

I.

2

Roussos, a federal inmate formerly incarcerated in Allenwood, Pennsylvania, and presently in FCI-Seagoville, Texas, was convicted following his guilty plea to conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. Roussos was arrested at his place of employment by the FBI after an anti-drug task force zeroed in on a New York City area drug trafficking network in which Roussos had participated. During a search of his automobile, FBI agents seized a brief case containing cocaine from the trunk. A subsequent search of his upstate New York residence revealed several firearms, additional amounts of cocaine, and drug paraphernalia. The sentencing court, acting pursuant to a plea bargain, treated the weapons to be connected with the drug offense and therefore imposed a two-level Specific Offense Characteristic enhancement for possession of a firearm during a drug trafficking offense under U.S. Sentencing Guidelines Manual § 2D1.1. There is no dispute that guns were not a factor in his arrest and conviction. Roussos was sentenced on December 16, 1993, to 87 months imprisonment with a four year period of supervised release.

In his habeas petition, Roussos contends that the BOP has wrongfully denied him eligibility for a sentence reduction for his successful completion of a drug treatment program under 18 U.S.C. § 3621(e)(2)(B) of the Violent Crime Control and Law Enforcement Act of 1994. The Act provides in pertinent part:

> (2) Incentive for prisoners' successful completion of

treatment program. --

                    *    *    *

    (B) Period of custody. -- The period a prisoner
convicted of a nonviolent offense remains in custody
after successfully completing a treatment program may
be reduced by the Bureau of Prisons, but such reduction
may not be more than one year from the term the
prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (1994).

The statute does not define "nonviolent offense." However,

the relevant BOP regulations define its meaning by referencing

the term "crime of violence" as it is used in the criminal code:

    [a]n inmate who completes a residential drug abuse
treatment program during his or her current commitment
may be eligible for early release by a period not to
exceed 12 months, . . . unless the inmate's current
offense is determined to be a crime of violence as
defined in 18 U.S.C. § 924(c)(3). . . . .

28 C.F.R. § 550.58 (1995) (as amended).

In turn, 18 U.S.C. § 924(c)(3) (1984) defines the term

"crime of violence" as:

    an offense that is a felony and --

    (A) has as an element the use, attempted use, or
threatened use of physical force against the person or
property of another, or

    (B) that by its nature, involves a substantial risk
that physical force against the person or property of
another may be used in the course of committing the
offense.

18 U.S.C. S 924(c)(3).

In an effort to further define the term "crime of violence"

(and hence the term "nonviolent offense"), the BOP issued Program

4

Statement 5162.02 (July 24, 1995) (amended April 26, 1996).

Section 9 of the Program Statement provides that a conviction

under § 841 or § 846 should be considered a crime of violence if

the sentencing court increased the base level of the sentence for

possession of a dangerous weapon during commission of the offense

because "possession of a dangerous weapon during commission of a

drug offense poses a substantial risk that force may be used

against persons or property."  Id.

Roussos contends that he is eligible for a reduction because

he was convicted of a "nonviolent offense" in that his offense

has not been regarded as a crime of violence under § 924(c).

See, e.g., United States v. Arrellano-Rios, 799 F.2d 520, 523

(9th Cir. 1986) (possession of controlled substances with intent

to sell, 21 U.S.C. § 841(a)(1), is a nonviolent offense; no

narcotics offenses under § 841(a)(1) are "crimes of violence"

within the meaning of 18 U.S.C. § 924(c)); United States v. Cruz,

805 F.2d 1464, 1468-75 (11th Cir. 1986) (whether Congress

intended statutory definition of "crime of violence" to include

drug trafficking is ambiguous; such ambiguity precludes

convicting defendants under statute permitting convictions for

use of firearms during commission of "crime of violence"); United

States v. Diaz, 778 F.2d 86, 88 (2d Cir. 1985) (narcotics

offenses are not crimes of violence within meaning of statute

describing offense of carrying or using firearm in commission of

crime of violence).[1]

---

1  See also United States v. Wells, 623 F. Supp. 645 (S.D. Iowa) (offense of cocaine distribution is not a "crime of violence" within firearm-enhancement statute), aff'd, 773 F.2d 230 (8th Cir. 1985); United States v. Bushey, 617 F. Supp. 292 (D.C. Vt. 1985) (possession with intent to distribute narcotics, by itself or in conjunction with use or carrying of firearm, is not "crime of violence" for purposes of statute prohibiting use of firearm during or in relation to crime of violence).

Moreover, Roussos was convicted of conspiracy to distribute narcotics; if the actual distribution of narcotics does not constitute a crime of violence, it is hard to see how the conspiracy to do so can be so defined. If eligible and granted release one year early, Roussos would have been released on or before June 25, 1997.[2]

The BOP contends, however, that under the Program Statement, once a two-level firearms enhancement has been made by the sentencing court under the Sentencing Guidelines, a prisoner is deemed to have committed a "crime of violence" and thus is categorically ineligible for consideration of a reduction in sentence under 18 U.S.C. § 3621(e)(2)(B). The BOP submits that Roussos was declared ineligible for the reduction in the sentence because his sentence was enhanced by two levels for possession of a firearm.

---

2  It appears that Roussos' statutory release date as of January, 1997, was June 25, 1998, not counting any good time credits granted after January, 1997. Thus, if given the full year sentence reduction, Roussos would have been released June 25, 1997, at the latest, and possibly months earlier. (See Supp. Br. of Appellant, at 29-30; App. at 362a.) Because of this time frame, we have expedited the appeal.

The Magistrate Judge recommended granting habeas relief in a Report and Recommendation filed August 27, 1996. However, the district court denied Roussos' habeas petition on the basis that the BOP, as the agency charged with administering the statute, is free to adopt any reasonable interpretation of a statutory term ("nonviolent offense") that Congress left undefined. The district court found the BOP's interpretation "entirely reasonable." The district court rejected the applicability of those cases that "focus on statutory definitions and elements of criminal offenses." The district court wrote: "The statutory construction cases have no application to the present case which involves a rehabilitative program for federal prisoners. . . . Roussos' claim that a categorical approach must be followed in interpreting the phrase 'nonviolent offense' is without merit." (Op. at 10; App. at 370a.)[3]

## II.

### A.

3  The district court had federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241. This court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Because the question here is purely a legal one, review of the district court's order denying relief under 28 U.S.C. § 2241 is de novo. See Fowler v. United States Parole Comm'n, 94 F.3d 835, 837 (3d Cir. 1996).

8

The question presented is one of first impression for this Court. However, we find guidance on this question in the opinion of our colleague Judge Aldisert in Downey v. Crabtree, 100 F.3d 662, 669 (9th Cir. 1996). Downey had entered a guilty plea to a federal drug indictment. At sentencing, he received a two-level enhancement because firearms were found at the location of his arrest. During his incarceration, he completed the BOP's substance abuse program, but the BOP denied him eligibility for sentence reduction because of its categorical exclusion of inmates who, when sentenced, received a sentencing enhancement for possession of a firearm during commission of a drug trafficking offense. Explaining that Downey had been convicted for possession of methamphetamine, 21 U.S.C. § 841(a)(1), not of firearms, 18 U.S.C. § 924(c), Judge Aldisert held that, in interpreting whether a prisoner was convicted of a "nonviolent offense" for purposes of granting a drug program reduction in sentence under § 3621(e)(2)(B), the BOP erred by considering sentencing factors (such as a firearms enhancement under the Guidelines) in lieu of the unambiguous statutory language which speaks only in terms of the conviction. Id. at 668. In other words, the statute makes clear that it is impermissible to consider facts other than those that form the basis for the elements of the offense for which the prisoner was convicted.[4]

---

4 See also Davis v. Crabtree, 109 F.3d 566, 568-69 (9th Cir. 1997) (despite the BOP's Program Statement listing felon firearm

9

The court stated:

> The relevant statute speaks clearly and unambiguously. The operative word of § 3621(e)(2)(B) is "convicted." Downey was convicted of a drug-trafficking offense, which is not a crime of violence. Section 3621(e)(2)(B) addresses the act of convicting, not sentencing or sentence-enhancement factors. The Bureau erred by conflating the guilt-determination (conviction) and sentencing processes. The result is a Bureau interpretation that runs counter to the Sentencing Commission's formulation of a "non-violent offense" and judicial endorsement of that formulation.

Id.

The Downey court concluded that "inmates not convicted of

---

possession as a crime of violence under § 924(c)(3), Ninth Circuit law has held to the contrary; the BOP cannot deny inmate eligibility for sentence reduction because inmate was not in category of nonviolent offenders; "parity of reasoning" requires that BOP interpretation of nonviolent offense must be consistent with Circuit law defining crime of violence); cf. Jacks v. Crabtree, 1997 WL 309962, *1-2 (9th Cir. June 11, 1997) (because § 550.58 explicitly lists certain crimes, the conviction of which renders inmate ineligible for sentence reduction under § 3621, BOP may look beyond current offense of conviction in determining eligibility for sentence reduction for completion of drug program; the case is thereby distinguishable from Downey and Davis which addressed only a BOP Program Statement, not "a properly promulgated regulation to which we owe full Chevron deference").

10

the firearm-possession offense, even if affected by sentence-enhancement factors for similar conduct, also cannot be denied sentence-reduction eligibility under a congressionally authorized program on grounds that their offense was not nonviolent." Id. at 667-68. The Ninth Circuit therefore upheld a district court's grant of habeas corpus. Cf. Sesler v. Pitzer, 110 F.3d 569, 571-72 (8th Cir. 1997) (conviction of offense of actually using a firearm during drug trafficking is not within class of nonviolent offenses for purposes of eligibility for sentence reduction under § 3621(e)(2)(B); BOP Program Statement which defines as violent all convictions for using a firearm during drug trafficking is not arbitrary).

That conclusion is similar to that reached by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990). In Taylor, the Court examined the Career Criminals Amendment Act of 1986, which enhances the sentence imposed on a convicted defendant who had previously been convicted of certain crimes. The Court held that, to determine whether prior convictions satisfy the Act, a sentencing court may examine only the facts proving the particular elements of the prior convictions, not the facts of the defendant's conduct that surrounded the conviction. See id. at 599-602. The Court noted that the statute based the enhancement on whether a defendant had prior "convictions" for certain crimes, not on whether the defendant had previously "committed"

11

certain crimes.  See id. at 600.  The Court reasoned that such language focused the inquiry on the conviction itself, not on the conduct giving rise to the conviction.

Roussos, like Downey, has been denied eligibility for sentence reduction under § 3621(e)(2)(B) not because his offense has been classified as a "crime of violence" under § 924(c)(3), but based solely upon the Program Statement that categorically declares all inmates with two-level sentencing enhancements for firearm possession ineligible.  By ignoring the offense of conviction and looking only to sentencing factors, the BOP has attempted to transmogrify a "nonviolent offense" into "a crime of violence."  In other words, the BOP converted a nonviolent crime into a violent one by means of a Program Statement that is inconsistent with the language of the statute, and its own regulations.  More specifically, under the rationale of Downey, we find the BOP's interpretation of a nonviolent offense in the Program Statement to be in conflict with both 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58 and therefore erroneous.

The BOP may contend that classifying drug trafficking as a crime of violence is permissible in light of the fact that this Court has never clearly held otherwise.  Although this Court has not specifically held that a violation of 18 U.S.C. § 846 is not "a crime of violence," we do not find this dispositive for purposes of interpreting the applicable statute and regulation.

12

Section 3621(e)(2)(B) refers to a <u>conviction</u> of a nonviolent offense, which is cross-referenced in § 550.58 to import the definition of a crime of violence provided in § 924(c)(3), a statute with a large body of interpretative case law. And, as noted, several courts have determined that conspiracy to possess or distribute drugs, by itself, cannot be properly classified as a crime of violence. <u>See, e.g.</u>, <u>United States v. Cruz</u>, 805 F.2d 1464, 1468 n.5 (11th Cir. 1987).

More importantly, the BOP has not argued that Roussos was denied eligibility for a sentence reduction because his conviction was classified as a crime of violence under § 924(c). Rather, the BOP declared Roussos ineligible solely because of his sentence enhancement. Had Roussos' sentence not been enhanced, he apparently would have remained eligible for a sentence reduction under § 3621(e)(2)(B) because his <u>conviction</u> was not classified as a crime of violence under § 924(c). Thus, the fact that this Court has not spoken on whether a violation of § 846 is a crime of violence has little bearing upon Roussos' eligibility for a sentence reduction; under the statute and the accompanying regulation, Roussos is eligible in the absence of his conviction for a nonviolent offense or a crime of violence, neither of which occurred.[5]

---

5 Other pending cases address the question whether the felon-in-possession crime, 18 U.S.C. § 922(g), constitutes a crime of violence. We surely do not decide that question here. However, we do note that resolution of that question will be informed by

13

experience with the career offender provisions of the Sentencing Guidelines.  <u>See</u> <u>Impounded</u>, No. 96-7781, slip. op. at 18 n.13 (3d Cir. June 30, 1997) (discussing case law interpreting the career offender provisions of the Sentencing Guidelines and their relationship to the felon-in-possession crime).  We also note that because of conflicting circuit precedent over whether the felon-in-possession crime was a crime of violence for purposes of the Sentencing Guidelines, the Sentencing Commission amended the Application Notes to U.S.S.G. § 4B1.2 specifically to exclude the felon-in-possession crime from the definition of crime of violence for purposes of the career offender guidelines.  <u>See</u> 1992 U.S.S.G., App. C, Amend. 461.

The district court rejected out-of-hand the so-called "statutory construction cases," despite the fact that the precise issue at hand is the proper construction of the statute. The district court also appears to have erroneously given the BOP undue deference in its statutory construction. The BOP interpretation is rooted only in a Program Statement to which "some deference" is due. See Koray v. Sizer, 21 F.3d 558, 562 (3d Cir. 1994), rev'd on other grounds sub nom., Reno v. Koray, 515 U.S. 50 (1995) (bureau program statements are entitled to less deference because they are not promulgated under the Administrative Procedure Act and are "merely internal guidelines [that] may be altered by the Bureau at will"); National R.R. Passenger Corp. v. Boston and Maine Corp., 503 U.S. 407, 417 (1992) (where bureau's "interpretation is . . . in conflict with the plain language of the statute, deference is [not] due"). Although the Program Statement the BOP used to deny Roussos eligibility for a sentence reduction is entitled to "some deference" under Koray, it must be rejected where it is inconsistent with the clear language of the statute. Fowler v. United States Parole Comm'n, 94 F.3d 835, 837 (3d Cir. 1996) ("We owe no deference . . . to administrative interpretations or regulations that are based upon an impermissible construction of the statute.").

III.

15

Having concluded that the BOP's interpretation is in conflict with the statute and its own regulations, we find that the BOP cannot rely upon Roussos' sentencing enhancement to deny him eligibility for the sentence reduction. Accordingly, we will vacate the district court order.[6] Roussos contends that he has met the requirements under 28 C.F.R. § 550.58(a)(2) for early release and requests that we order his immediate placement in the appropriate Community Corrections Center.[7] We decline that invitation. Instead, we will remand the matter to the district court with directions that it immediately remand the case to the BOP for further proceedings consistent with this opinion.[8] The mandate shall issue forthwith.

_____

[6] In fairness to Judge McClure, the able district judge whose order we vacate, we note that he has reconsidered this issue in a subsequent decision, Mallozzi v. Menifee, No. 96-1721, slip op., (M.D. Pa. December 27, 1996), in which he concedes that "on further consideration [] Roussos was decided incorrectly." (Order dated Feb. 27, 1997, at 2.)

[7] Roussos has executed his agreement to participate in Community Transition Programming, as required by 28 C.F.R. § 550.58(a)(1)(ii). See Index to Exhibits of Habeas Corpus Petition.

[8] The BOP will determine whether there is any other basis for denying Roussos early release under § 3621(e)(2)(B). Otherwise, as its counsel represented at oral argument, it should be granted and Roussos placed in a Community Corrections Center.

16