

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-1997

# Stiver v. Meko

Precedential or Non-Precedential:

Docket
96-3400

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation
"Stiver v. Meko" (1997). *1997 Decisions.* Paper 267.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/267

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed November 28, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-3400

ROBERT C. STIVER,

v.

WARDEN JAMES MEKO,

  Robert Stiver,

  Appellant.

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 96-cv-00339)

ARGUED SEPTEMBER 23, 1997

BEFORE: COWEN, ROTH, and LEWIS, Circuit Judges.

(Filed November 28, 1997)

  Karen S. Gerlach (ARGUED)
  Office of Federal Public Defender
  960 Penn Avenue
  415 Convention Tower
  Pittsburgh, PA 15222

  Attorney for Appellant


  Paul J. Brysh (ARGUED)
  Robert L. Eberhardt
  Office of United States Attorney
  633 United States Post Office &
  Courthouse
  Pittsburgh, PA 15219

  Attorneys for Appellee

OPINION OF THE COURT

LEWIS, Circuit Judge.

Petitioner Robert Stiver contests a decision by the Bureau of Prisons (the "Bureau") denying him a one-year sentence reduction because of his previous convictions for violent offenses. Under the 1994 Violent Crime Control and Law Enforcement Act, "prisoners convicted of a nonviolent offense" are eligible for a one-year sentence reduction upon successful completion of a drug treatment program. See 18 U.S.C. S 3621(e)(2)(B).[1] Stiver has been incarcerated since 1992 for possession of heroin with intent to distribute, a nonviolent offense. Because he has successfully completed a drug treatment program during this prison term, Stiver contends he is eligible for early release under the statute. Nonetheless, the Bureau denied him a sentence reduction pursuant to its regulation that categorically excludes inmates previously convicted of a violent crime from eligibility for early release under section 3621(e)(2)(B). See 28 C.F.R. S 550.58.[2] Stiver previously was convicted of

_____

1. 18 U.S.C. S 3621(e)(2)(B) states

    Period of custody.--The period a prisoner convicted of a nonviolent
    offense remains in custody after successfully completing a treatment
    program may be reduced by the Bureau of Prisons, but such
    reduction may not be more than one year from the term the prisoner
    must otherwise serve.

2. 28 C.F.R. S 550.58 provides in relevant part:

    Except as provided in this paragraph, an inmate . . . who completes
    a residential drug abuse treatment program including subsequent
    transitional services in a community-based program (i.e., in a

                                    2

robbery and aggravated assault, both of which are violent offenses.

Stiver sought a writ of habeas corpus pursuant to 28 U.S.C. S 2241, alleging that the Bureau's regulation conflicts with the enabling statute, 18 U.S.C. S 3621(e)(2)(B). He further alleged that the Bureau's regulation, 28 C.F.R. S 550.58, violates the double jeopardy and ex post facto clauses of the United States Constitution. The district court denied habeas corpus relief with regard to each of Stiver's claims, and this appeal followed.

The district court exercised jurisdiction pursuant to 28 U.S.C. S 2241.[3] Our jurisdiction arises under 28 U.S.C. S 1291.[4] We will affirm.

I.

Stiver contends that 18 U.S.C. S 3621(e)(2)(B) allows the
Bureau to consider only the offense for which an inmate is
presently incarcerated when deciding whether to grant a
sentence reduction. Thus, he argues, 28 U.S.C. S 550.58
represents an impermissible expansion of the authority
Congress delegated to the Bureau. We review this question

_____

        Community Corrections Center or on home confinement) during his
        or her current commitment may be eligible, in accordance with
        paragraph (a) of this section, for early release by a period not to
        exceed 12 months. The following categories of inmates are not
        eligible: INS detainees, pretrial inmates, contractual boarders
(for
        example, D.C., State, or military inmates), inmates whose current
        offense is determined to be a crime of violence as defined in 18
        U.S.C. S 924(c)(3), inmates who have a prior conviction for
homicide,
        forcible rape, robbery, or aggravated assault, and inmates who are
        not eligible for participation in a community-based program as
        determined by the Warden on the basis of his or her professional
        discretion.

3. Under 28 U.S.C. S 2241(a), "[w]rits of habeas corpus may be granted
by the Supreme Court, any justice thereof, the district courts and any
circuit judge within their respective jurisdictions.. . ."

4. "The courts of appeals . . . have jurisdiction of appeals from all
final
decisions of the district courts of the United States . . . ." 28 U.S.C.
S 1291.

                              3

of statutory interpretation de novo. See Barden v. Keohane,
921 F.2d 476, 479 (3d Cir. 1990).

When examining an agency's construction of the statute
it administers, we must first inquire "whether Congress has
directly spoken to the precise question at issue." Chevron,
U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467
U.S. 837, 842 (1984). If Congress has directly addressed
the issue and the legislative intent is unambiguous, our
inquiry must cease. See id.

The contested statute provides that

        [t]he period a prisoner convicted of a nonviolent offense
        remains in custody after successfully completing a
        treatment program may be reduced by the Bureau of

> Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. S 3621(e)(2)(B). Despite Stiver's contention to the contrary, it is clear that section 3621(e)(2)(B) does not indicate whether "convicted of a nonviolent offense" refers to all convictions or only the most recent one, for which the inmate presently is incarcerated. Instead, its language grants the Bureau broad discretion to approve or deny a sentence reduction. In other words, section 3621(e)(2)(B) is silent on the issue of whether the Bureau may consider relevant the violent status of a prisoner's past convictions in deciding whether the prisoner is eligible for early release. When a statute expressly leaves a gap for an agency to fill with its rulemaking authority, the agency's regulations must receive "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Chevron, 467 U.S. at 844. If, as here, the gap is merely implicit, we nonetheless must uphold the agency's construction if it has chosen " `a reasonable accommodation of conflicting policies that were committed to the agency's care by the statute . . . .' " Id. at 845 (quoting United States v. Shimer, 367 U.S. 374 (1961)). The Bureau, in the exercise of its discretion, codified 28 C.F.R. S 550.58, expressing a policy determination that inmates who have committed certain

4

enumerated violent offenses in the past, will not be eligible for early release.5

We find that the Bureau's interpretation of the statute represents a reasonable accommodation of Congress's goals of providing an incentive for inmates to obtain drug treatment while at the same time ensuring that persons likely to commit violent crimes do not receive early release. See H. Rep. No. 103-320, at 2 (1993) (describing purposes of statute). The Bureau, in the exercise of its discretion in administering the early release element of the residential drug abuse treatment program, has imposed an additional qualification: prisoners' non-conviction of certain enumerated past violent offenses, in addition to the requirement that the present conviction be for a non-violent offense. It was not attempting to, and has not interpreted the phrase "convicted for a violent offense" in a manner at odds with Congress's intended meaning, as Stiver suggests.

Stiver contends that this conclusion conflicts with our recent decision in Roussos v. Menifee, No. 97-7011, 1997 WL 401319 (3d Cir. July 18, 1997). Roussos held that a Bureau program statement may not define the words "nonviolent offense" in section 3621(e)(2)(B) to include

offenses for which a sentencing court imposes a two-level firearms enhancement. We held that since section 3621(e)(2)(B)'s unambiguous language permits consideration only of a crime's defining elements when deciding whether that crime is a violent offense, the Bureau's reliance on additional factors (i.e., the firearms enhancement) violated the statute.

Our holding in Roussos does not control this appeal. First, Roussos required us to interpret a different part of section 3621(e)(2)(B), addressing the significance of "nonviolent offense" rather than "convicted." More importantly, Roussos involved only a challenge to a Bureau program statement; Stiver, on the other hand, asks us to strike down a regulation. As we noted in Koray v. Sizer, 21 F.3d 558, 562 (3d Cir. 1994), rev'd on other grounds sub

_____

5. The Bureau enumerated four such offenses: homicide, forcible rape, robbery and aggravated assault. 28 C.F.R. S 550.58. Stiver was previously convicted of robbery and aggravated assault.

nom. Reno v. Koray, 515 U.S. 50 (1995), program statements are entitled to considerably less deference than published regulations because program statements are "merely internal agency guidelines [that] may be altered by the Bureau at will." See also Roussos, 1997 WL 401319, at *5 (noting that program statements receive only "some deference," rather than the greater deference accorded regulations under Chevron). By contrast, the regulation at issue here underwent extensive public notice and comment before it was adopted and can only be altered by the Board after an equally elaborate process. See Jacks v. Crabtree, 114 F.3d 983, 984, 985 n.1 (9th Cir. 1997). Moreover, our decision in Roussos rested in part on the fact that the contested program statement conflicted not only with section 3621(e)(2)(B), but with the Bureau's own regulations as well. Roussos, 1997 WL 401319, at *4 ("[T]he [Bureau] converted a nonviolent crime into a violent one by means of a Program Statement that is inconsistent with the language of the statute, and its own regulations."). Thus Roussos is inapposite to the issues presented in this appeal.

II.

Stiver also contends that applying the Bureau regulation to his case violates the ex post facto clause of the United States Constitution. This argument is without merit. We have held that two conditions must be met for a law to be ex post facto. "First, the law must be retrospective, that is,

it must apply to events occurring before its enactment. Second, the change in the law must alter the definition of criminal conduct or increase the penalty by which a crime is punishable." United States v. Dozier, 119 F.3d 239, 241 (3d Cir. 1997) (citations omitted). Stiver suffers no disadvantage as a result of the regulation. His sentence began in 1992, before section 3621(e)(2)(B) was enacted. At that time he could not have been eligible for a one-year sentence reduction for completing a substance abuse program, because the enabling statute did not yet exist. Today, under 28 C.F.R. S 550.58, he is still ineligible for the sentence reduction. The fact that he arguably was eligible for early release during the brief period between the enactment of section 3621(e)(2)(B) and the Bureau's adoption of 28 C.F.R. S 550.58 is irrelevant.

6

The purpose of the prohibition against ex post facto laws is to assure that legislative acts "give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." Weaver, 450 U.S. at 28-29. "Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." Weaver, 450 U.S. at 31. In Stiver's case there can be no violation of the ex post facto clause because the legal consequences of his crime of heroin possession were the same when he committed it as they are today.

III.

We must also reject Stiver's argument that 28 C.F.R. S 550.58 violates the Fifth Amendment's double jeopardy clause. The double jeopardy clause "protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Halper, 490 U.S. 435, 440 (1989). Stiver invokes the last of these protections in challenging the regulation. This argument is misguided. Stiver's ineligibility for early release under 28 C.F.R.S 550.58 does not subject him to multiple punishments for a single offense, because, as noted above, his sentence has not increased beyond that originally imposed.

For the foregoing reasons, we will affirm the district court's decision in its entirety.

A True Copy:

Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

7