**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RAYMOND LEE FULLER,
<u>Petitioner-Appellee,</u>

v.

LONNIE M. MOORE, Warden,
Petersburg Federal Correctional
Institute,
<u>Respondent-Appellant.</u>

No. 97-6390

TAMARA BAYLES; SUSAN BOYLE;
SANDRA LEWIS COCKRELL; MARSHA
POORE CRAWFORD; MARLENEDEWYLIA
DUKES; BRETINSA GARY; MANDY
GRIFFIN; MARY KATHLEEN LOBBINS;
KIM LOVVORN; SHARON STRAUS;
MILDRED THOMPSON; LORI TUTTLE,
<u>Amici Curiae.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-96-727)

Argued: October 1, 1997

Decided: December 29, 1997

Before RUSSELL and MOTZ, Circuit Judges, and THORNBURG,
United States District Judge for the Western District of
North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joan Elizabeth Evans, Assistant United States Attorney, Richmond, Virginia, for Appellant. Amy Milton Curtis, BOWEN, BRYANT, CHAMPLIN & CARR, Richmond, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Richmond, Virginia, for Appellant. Thomas P. Collins, ECK, COLLINS & MARSTILLER, Richmond, Virginia, for Appellee. Tamara Bayles, et al., Alderson, West Virginia, Pro Se Amici Curiae.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This case is before the court on appeal by Respondent-Appellant Lonnie M. Moore, Warden of FCI Petersburg, Petersburg, Virginia, from an order entered by the district court granting Petitioner-Appellee Raymond L. Fuller's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). In its order, the district court found that the Bureau of Prison's (BOP) Program Statement 5162.02, Section 9, is void and that the Petitioner is eligible, in the discretion of the Bureau of Prisons, for a one-year reduction in his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B). This court has jurisdiction pursuant to 28 U.S.C. § 1291 and reviews the district court's order under a de novo standard. United States v. Cheek, 94 F.3d 136, 140 (4th Cir. 1996). For the reasons set forth hereafter, we affirm.

In October 1992, Fuller was convicted of one count of conspiracy to possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846. At sentencing, the district court applied a two-point guideline enhancement of his offense level pursuant to U.S.S.G. § 2D1.1(b)(1)**1** because Fuller was arrested at a co-defendant's resi-

---

**1** U.S.S.G. § 2D1.1(b)(1), relating to specific offense characteristics, advises that if a defendant possessed a dangerous weapon, his base offense level shall be increased by 2 levels.

2

dence where firearms as well as drugs were present. As a result, Fuller was sentenced to 84 months incarceration to be followed by four years of supervised release.

As part of the Violent Crime Control and Law Enforcement Act (VCCLEA), Congress has mandated and extensively funded[2] programs for substance abuse treatment and rehabilitation at federal correctional facilities. As an incentive to federal prisoners to enroll in and successfully complete these programs, the statute provides that

> The period a prisoner <u>convicted of a nonviolent offense</u> remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added).

While in prison, Fuller successfully completed a 1,000-hour residential drug treatment program. He then applied for a sentence reduction pursuant to the statute. Based on the sentencing court's two-level enhancement for the possession of a firearm, the BOP determined that Fuller had been convicted of a crime of violence and thus was not eligible for a one-year reduction in his sentence.

At issue is the BOP's interpretation of the term"nonviolent offense" which is not defined by the statute. The BOP implemented the sentence reduction provision by promulgating regulations and program statements to define the term "nonviolent offense." Section 550.58 of 28 Code of Federal Regulations provides that despite the successful completion of the treatment program, an inmate will not be eligible for early release if his "current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)." That statute defines a "crime of violence" as any offense which is a felony and which

_____

[2] Twenty million dollars were authorized for appropriation for this program in 1997. 18 U.S.C. § 3621(e)(4).

3

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The BOP also promulgated Program Statement No. 5162.02 which defines the term "nonviolent offense" to exclude an offense for which the sentencing court enhanced the inmate's offense level because force was used in the commission of the crime. Thus, a criminal offense may be a crime of violence depending on the specific offense characteristics assigned by the sentencing judge. Moreover, the Statement provides that a conviction for drug possession may be categorized as a crime of violence if the inmate possessed a firearm during the commission of the crime because the presence of a gun substantially increases the risk of force. Id.

Appellant argues that when Congress has entrusted a matter to the discretion of an agency, the courts must defer to the agency's construction of the statute unless that interpretation is in conflict with the plain language of the statute. However, as recently noted by the Ninth Circuit, the BOP Program Statements (internal agency guidelines) are not subject to the "rigors" of the Administrative Procedure Act, including public notice and comment, and therefore, are only entitled to "some deference." Downey v. Crabtree , 100 F.3d 662, 666 (9th Cir. 1996) (quoting Reno v. Koray, 115 S. Ct. 2021, 2027 (1995)). Moreover, "[w]hen the Bureau's `interpretation is . . . in conflict with the plain language of the statute, deference is [not] due.'" Id. (quoting Nat'l R.R. Passenger Corp. v. Boston & Maine Corp. , 503 U.S. 407, 417 (1992)). This court determines that BOP's interpretation made here is in conflict with the plain language of the statute.**3**

_____

**3** Appellant also notes that deference should be afforded BOP's interpretation because a related term, "violent offender," is defined by the VCCLEA as a person convicted of an offense during the course of which he used or carried a firearm. Thus, it was not an abuse of discretion to exclude Fuller's crime (which involved a firearm) from a nonviolent

4

Title 18, United States Code, Section 3621 provides that the "period a prisoner <u>convicted of a nonviolent offense</u> remains in custody . . . may be reduced." 18 U.S.C. § 3621 (emphasis added). The statute is phrased in terms of a <u>conviction of a nonviolent offense</u>. However, BOP defines that term by reference to the statutory definition of a "crime of violence." But, Fuller was not convicted of a violation of 18 U.S.C. § 924(c). "In other words, the statute makes clear that it is impermissible to consider facts other than those that form the basis for the elements of the offense for which the prisoner was convicted." <u>Roussos v. Menifee</u>, ___ F.3d ___, 1997 WL 401319 at *3 (3rd Cir. 1997). As noted by the <u>Downey</u> court,

> [t]he relevant statute speaks clearly and unambiguously. The operative word of § 3621(e)(2)(B) is "convicted." Downey was convicted of a drug-trafficking offense, which is not a crime of violence. Section 3621(e)(2)(B) addresses the act of convicting, not sentencing or sentence-enhancement factors. The Bureau erred by conflating the guilt-determination (conviction) and sentencing processes.

<u>Downey</u>, 100 F.3d at 668.

This court agrees with the Ninth and Third Circuits that BOP's interpretation contravenes the language of the statute which refers to a "convicted" person rather than to the "commission" of an offense. The Supreme Court has phrased this as the categorical versus factual approach. In <u>Taylor v. United States</u>, 495 U.S. 575 (1990), the Court reviewed the provisions of 18 U.S.C. § 924(e) which enhanced the punishment of a defendant found guilty of being a felon in possession of a firearm if he had previous convictions for certain crimes. In determining whether or not the defendant's prior conviction for burglary was a violent felony under the statute, the Court held the sen-

---

offense. However, that provision of the Act has been repealed. <u>Davis v. Crabtree</u>, 109 F.3d 566, 569 (9th Cir. 1997). Moreover, the Supreme Court in its recent decision of <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), held that in order to be convicted of using a firearm during a drug trafficking crime, the government must prove the defendant actively employed the firearm to effectuate the drug offense.

5

tencing court must look only to the fact of conviction and the definition of the prior offense; i.e., it could not go behind the conviction and look at the facts of the offense. "If Congress had meant to adopt an approach that would require the sentencing court to engage in an elaborate factfinding process regarding the defendant's prior offenses, surely this would have been mentioned somewhere in the legislative history." Id., at 601. As noted by the Third Circuit,

> Roussos, like Downey, has been denied eligibility for sentence reduction under § 3621(e)(2)(B) not because his offense has been classified as a "crime of violence" under § 924(c)(3), but based solely upon the Program Statement that categorically declares all inmates with two-level sentencing enhancements for firearm possession ineligible. By ignoring the offense of conviction and looking only to sentencing factors, the BOP has attempted to transmogrify a "nonviolent offense" into "a crime of violence." In other words, the BOP converted a nonviolent crime into a violent one by means of a Program Statement that is inconsistent with the language of the statute, and its own regulations.

Roussos, supra, at *4. Thus, the interpretation is in conflict with the language of the statute and no deference is warranted. We thus affirm the district court's determination that Fuller is eligible for a one-year reduction in sentence pursuant to 18 U.S.C. § 3621.

Nonetheless, while the court may declare an inmate's eligibility, the BOP retains the ultimate discretion regarding whether to grant or deny eligible inmates a sentence reduction. "The courts may not order the Bureau to grant such reductions." Downey , 100 F.3d at 671. The district court's order remanding the case to the BOP for any further discretionary decisions consistent with these determinations is likewise affirmed.

AFFIRMED

6