

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2005

# Betancourt v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4284

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Betancourt v. Nash" (2005). *2005 Decisions.* Paper 1241.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1241

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4284
_____

CAMILO BETANCOURT-SALDARRIAGE,

Appellant

v.

JOHN NASH, WARDEN

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-04045)
District Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2005

Before: RENDELL, AMBRO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed May 5, 2005)

_____

OPINION
_____

PER CURIAM

     In 2001 Camilo Betancourt-Saldarriage was convicted in the United States District

Court for the Eastern District of New York of conspiracy to import heroin. The court

imposed a sentence of 51 months imprisonment (it is unclear from the present record whether a term of supervised release was also imposed).  In calculating Betancourt-Saldarriage's good time credits under 18 U.S.C. § 3624 the Bureau of Prisons applied 28 C.F.R. § 523.20 and determined his release date to be February 16, 2005.  Arguing that the regulation contradicts the plain meaning of the statute, Betancourt-Saldarriage filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in which he claims that his release date should instead be January 20, 2005.  In the alternative, he argues that even if the statute were ambiguous, he should benefit from the "rule of lenity."  The District Court disagreed and denied the petition.  This appeal followed.[1]  We note that Betancourt-Saldarriage was released from prison on February 16, 2005.

The outcome of the appeal is controlled by our recent decision in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005).  There, the appellant presented an argument essentially the same as that advanced by Betancourt-Saldarriage here.  We rejected it, finding that section 3624(b) is ambiguous but agreeing with the Second, Seventh and Ninth Circuit Court of Appeals that the BOP's interpretation of section 3624(b) is reasonable.  We declined to apply the "rule of lenity" because the ambiguity in the statute had been otherwise resolved.  In light of O'Donald, we will affirm the judgment of the District Court.

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  Our review is plenary.  Roussos v. Menifee, 122 F.3d 159, 161 n.3 (3d Cir. 1997).