

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2005

# Goldberg v. Bonaforte

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Goldberg v. Bonaforte" (2005). *2005 Decisions.* Paper 967.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/967

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-243                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1571
_____

RONALD J. GOLDBERG,
                                    Appellant
v.

MCCI WARDEN RONALD BONAFORTE WARDEN; UNITED STATES
MARSHALS SERVICE; ATTORNEY GENERAL OF THE UNITED
STATES ALBERTO R. GONZALES*

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-03408)
District Judge:  Honorable Anne E. Thompson

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 19, 2005

BEFORE:  RENDELL, FISHER and VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: June 24, 2005)
_____

OPINION
_____

_____

*Pursuant to F.R.A.P. 43(c).

PER CURIAM

Ronald J. Goldberg was convicted in the United States District Court for the Southern District of Florida of Interstate Transportation of Stolen Securities and related crimes. After an appeal, the court resentenced Goldberg to 125 months' imprisonment. Goldberg thereafter pursued various attempts at collateral relief, including an unsuccessful motion pursuant to 28 U.S.C. § 2255.

In July 2004 Goldberg filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 complaining that the sentencing judge did not mention supervised release during the oral pronouncement of his sentence and that his sentence is unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004).[1] He argues that he should be allowed to proceed under section 2241 rather than section 2255 because his Blakely claim fits the exception set forth in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The District Court granted the government's motion to dismiss for lack of jurisdiction, explaining that section 2255 is not rendered inadequate or ineffective merely by the petitioner's inability to meet the stringent requirements for filing second or successive section 2255 motions. The court relied in part on our decision in United States v. Okereke, 307 F.3d 117 (3d Cir. 2002), where we explained that the Dorsainvil

---

[1]Because Goldberg is a federal prisoner sentenced under the U.S. Sentencing Guidelines, his claim is better expressed in terms of United States v. Booker, 125 S. Ct. 738 (2005) (applying Blakely to the federal guidelines). Of course, this makes no difference to the outcome of this appeal.

2

exception is reserved for those rare situations where an intervening change in the law decriminalized the actions for which the prisoner was convicted and thus rejected the appellant's contention that a claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), may be presented via section 2241. This appeal followed. The government has moved for summary affirmance.[2]

We agree with the District Court. Because Goldberg is challenging the sentence imposed, and because he does not allege that the actions for which he was convicted have since been decriminalized, the proper avenue for relief is section 2255. Accordingly, we grant the government's motion and will affirm the judgment of the District Court.

---

[2]We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. Roussos v. Menifee, 122 F.3d 159 (3d Cir. 1997).