

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2006

# Gilliam v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1427

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gilliam v. Holt" (2006). *2006 Decisions.* Paper 697.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/697

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1427

FOREST GILLIAM,
Appellant

v.

RONNIE HOLT

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-02351)
District Judge: Honorable A. Richard Caputo

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 7, 2006

Before: RENDELL, AMBRO and GREENBERG, <u>Circuit Judges</u>

(Filed: July 25, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant Forrest Gilliam appeals from the denial of his habeas corpus petition

under 28 U.S.C. § 2241. The Appellee filed a motion for summary action. Because no

substantial question is presented, we will grant the Appellee's motion. <u>See</u> L.A.R. 27.4.

## I.

On July 25, 2005, Gilliam was charged with the high severity disciplinary infraction "fighting." Gilliam admitted to the charges at a hearing before a Disciplinary Hearing Officer ("DHO"). The DHO sanctioned him with thirty days of disciplinary segregation, forfeiture of twenty-seven days of future good-time credit, loss of sixty days of non-vested good-time credit, and the loss of telephone and visiting privileges. On November 14, Gilliam filed a habeas petition under 28 U.S.C. § 2241 claiming that the sanctions he received were racially motivated and excessive, prison officials improperly ordered his transfer, and officials incorrectly processed the return of another inmate. The District Court denied the petition. It concluded that only the claims relating to the denial of good-time credit were cognizable under § 2241 and that the sanctions imposed did not violate due process.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and because the issues in this case are purely legal, we exercise plenary review. See Roussos v. Menifee, 122 F.3d 159, 161 n.3 (3d Cir. 1997); Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1990). Claims brought under a § 2241 petition must challenge the fact or duration of a sentence or confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir. 2002). Gilliam's challenges to the loss of privileges, his transfer, placement in the special housing unit, and the processing of other prisoners do

2

not implicate the fact or length of his sentence. Thus, the District Court properly declined to address these matters.

With respect to his loss of good-time credit, his claim can be construed to raise two points. First, that the discipline was imposed in violation of due process, and second, that his discipline was racially motivated, in violation of the Equal Protection Clause.

Federal inmates possess a liberty interest in good-time credit. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991). Wolff provides a set of minimum procedural protections that must apply to prison disciplinary proceedings. Wolff, 418 U.S. at 556. In order to meet the minimum requirements of procedural due process, the disciplinary findings must be supported by "some evidence" in the record. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). The prison and DHO afforded Gilliam all of the procedural protections required by the Constitution, and Gilliam's admission certainly satisfies the "some evidence" standard. Additionally, his discipline conforms with the sanctions permitted under 28 C.F.R. § 514.13, table 3, Code 201. His due process rights were not violated.

The District Court did not address the possible equal protection claim, but we find no evidence of a violation. The Equal Protection Clause requires that all people similarly situated be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Gilliam's single allegation that one Caucasian inmate received a lesser sanction for the same disciplinary infraction does not amount to evidence of discriminatory

3

treatment. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (holding that petitioner must show purposeful discrimination which had a discriminatory effect on the petitioner). Gilliam admitted to the offense and was sanctioned in conformity with the regulation. He fails to show that his sanction was motivated with a discriminatory purpose or that it had a discriminatory effect.

For the foregoing reasons, we grant the Appellee's motion and will affirm the order of the District Court. Gilliam's motion to adopt the District Court record is denied as moot.