Randall J. TANNER, Petitioner–Appellee,

v.

**J.L. SIVLEY, Warden, Respondent–Appellant.**

No. 94–15782.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 1995.

Decided Feb. 9, 1996.

* Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washing-

Lisa Simotas, United States Department of Justice, Washington, D.C., and Eugene R. Bracamonte, Assistant United States Attorney, Tucson, Arizona, for respondent-appellant.

George H. Soltero, Assistant Federal Public Defender, Tucson, Arizona, for petitioner-appellee.

Before: SCHROEDER and ALARCON, Circuit Judges, and WHALEY,* District Judge.

## OPINION

SCHROEDER, Circuit Judge:

This is an appeal by the United States from a district court order granting a habeas corpus petition pursuant to 28 U.S.C. § 2241. At issue is whether petitioner should be given credit for time spent in a community treatment center as a condition of probation.

On September 29, 1986, petitioner Randall J. Tanner pleaded guilty in the United States District Court for the Western District of Texas to the use of an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2). The court sentenced Tanner to five years imprisonment, but suspended execution of the sentence and placed Tanner on probation for an equivalent term. On October 24, 1988, the court ordered Tanner to reside at a community treatment center as a condition of probation. Tanner resided at the center for 120 days. On November 2, 1989, the district court in Texas found that Tanner had violated the conditions of his probation. Accordingly, the court revoked Tanner's probation and sentenced him to a five-year term of imprisonment. Tanner was incarcerated at the Federal Correctional Institution in Safford, Arizona. In April 1993 he filed this petition for writ of habeas corpus in the United States District Court for the District of Arizona, seeking credit for the time spent

ton, sitting by designation.

in the community treatment center. On March 3, 1994, the court granted the petition, and directed the Bureau of Prisons to grant Tanner the requested credit.

The district court held that petitioner was entitled to credit under the terms of the statute that governed his sentencing, 18 U.S.C. § 3568 (repealed 1987). That statute required the Attorney General to award federal prisoners credit toward their sentences for time "spent in custody in connection with the offense or acts for which sentence was imposed." That statute was repealed. The successor statute, 18 U.S.C. § 3585, provides that a defendant shall be given credit for time spent "in official detention" prior to the date sentence commences. 18 U.S.C. § 3585 was enacted as part of the Sentencing Reform Act of 1984.

In granting the credit, the district court followed the then-controlling decisions of this court, which held that time spent in a community treatment center as a condition of pre-trial release or probation qualifies for credit under both the old and the new statutes. *Mills v. Taylor*, 967 F.2d 1397 (9th Cir.1992) (the phrase "official detention" under the new law, like the phrase "in custody" under the old law, encompassed time spent in a community treatment center as a condition of pre-trial release); *Grady v. Crabtree*, 958 F.2d 874 (9th Cir.1992) (defendant was entitled to credit under § 3568 for time spent in a treatment center as a condition of probation); *Brown v. Rison*, 895 F.2d 533 (9th Cir.1990) (the phrase "in custody" includes time spent at a community treatment center as a condition of pretrial release).

This court's decisions were in conflict with those of other circuits, including the Fifth Circuit, where petitioner was convicted. *See United States v. Smith*, 869 F.2d 835 (5th Cir.1989); *Pinedo v. United States*, 955 F.2d 12, 14 (5th Cir.1992) (adopting under § 3585 its prior rationale under § 3568). The district court held that Ninth Circuit, rather than Fifth Circuit, authority controlled because the sentence was "executed" in the Ninth Circuit. The government does not appeal this part of the holding.

Instead, the government argues that this court should reconsider its holding in *Grady,*

pointing to the inconsistency between Ninth Circuit law on credit for time spent in a community treatment center and the law of virtually all the other circuits that have dealt with the issue. After briefing in the instant case, the United States Supreme Court granted certiorari on a Third Circuit case, *Koray v. Sizer*, 21 F.3d 558 (3rd Cir.1994), in order to resolve this circuit split. *Reno v. Koray,* —— U.S. ——, 115 S.Ct. 787, 130 L.Ed.2d 779 (1995). On June 5, 1995, the Supreme Court held that time spent by a federal prisoner in a community treatment center as a condition of pretrial release does not constitute time spent in "official detention" within the meaning of 18 U.S.C. § 3585(b). *Reno v. Koray,* —— U.S. ——, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).

The Supreme Court's decision in *Reno v. Koray* disposes of the issue in this case. Although this case involves an application of the predecessor statute to § 3585(b), this court has previously held that there is no meaningful distinction between the two for purposes of their application to community treatment centers. *Mills v. Taylor*, 967 F.2d 1397, 1400–01 (9th Cir.1982). Similarly, while this case involves confinement in a community treatment center as a condition of probation, rather than as a condition for release on bail pursuant to the Bail Reform Act as in *Koray,* the distinction is not material. This circuit has consistently applied the same reasoning to conditions of pretrial release and conditions of probation. *See Grady v. Crabtree*, 958 F.2d at 875 (probation); *Brown v. Rison*, 895 F.2d at 535–36 (pretrial release).

More important, the Supreme Court's central reasoning in *Koray* applies equally well to conditions of probation and conditions of pretrial release. The Court examined § 3585(b)'s text and legislative history, the Bureau of Prison's interpretation, and practical considerations. It concluded that credit for time spent in "official detention" under § 3585(b) outside of a penal or correctional facility should be granted only to those who are subject to the Bureau of Prison's control. —— U.S. at —— ——, 115 S.Ct. at 2025–29. This conclusion is dispositive in the instant case. Tanner was not under the Bu-

reau of Prisons' control during his confinement in the community treatment center. Therefore, his stay there cannot constitute "official detention" after *Koray.* The district court's judgment must therefore be reversed.

REVERSED.