86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Raymond MAGEE, III, Defendant-Appellant.
 No. 95-16657.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Raymond Magee, III appeals the district court's denial of his second 28 U.S.C. § 2255 motion to correct his sentence of fifty-one months imprisonment and three years supervised release for assaulting his wife.[1] Magee contends that: (1) the district court abused its discretion by failing to remove false statements from the presentence report ("PSR"); (2) the district court erred in its determination of the severity of the victim's injuries and in sentencing Magee based on that determination; (3) the district court imposed excessive restitution; (4) the district court imposed an excessive term of supervised release; and (5) he deserves credit toward his sentence for the time he was released on bail pending trial. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Magee's § 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.[2]
 
 
 3
 Prior to filing his current § 2255 motion, Magee appealed his conviction and sentence to this court and the court affirmed both his conviction and sentence. The district court then denied Magee's first § 2255 motion and Magee did not appeal the court's decision.
 
 
 4
 We are foreclosed from reviewing nonconstitutional sentencing errors under § 2255 when such errors have not been raised on direct appeal. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995).
 
 
 5
 Here, Magee's contentions regarding his PSR, restitution, and supervised release raise issues of nonconstitutional sentencing error. Because he did not raise these issues on direct appeal, we will not review them here. See Schlesinger, 49 F.3d at 485. Magee's contention regarding the district court's determination of his sentence based on the severity of the victim's injuries was raised on direct appeal and was expressly rejected by us. Therefore, we will not review that claim on this appeal. See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985); Egger v. United States, 509 F.2d 745, 748 (9th Cir.), cert. denied, 423 U.S. 842 (1975).
 
 
 6
 Magee contends that because his release was subject to several conditions, he is entitled to credit pursuant to 18 U.S.C. § 3585(b) for the eight days he was released on bail pending trial.
 
 
 7
 "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b) (1994). A court may release a defendant pending trial subject to a variety of restrictive conditions. Reno v. Koray, 115 S.Ct. 2021, 2025 (1995). A defendant suffers detention, however, only when committed to the custody of the Attorney General. Id. "Unlike defendants 'released' on bail, defendants who are 'detained' ... always remain subject to the control of the Bureau [of Prisons]." Id. at 2028; cf. United States v. Robles, 563 F.2d 1308, 1309 (9th Cir.1977) (per curiam) (discussing predecessor statute to 18 U.S.C. § 3585(b), noting that time spent on bail pending appeal is not time served 'in custody'), cert. denied, 435 U.S. 925 (1978).
 
 
 8
 Here, the restrictive conditions to which Magee was subject during his release on bail do not amount to official detention within the meaning of 18 U.S.C. § 3585(b). See Koray, 115 S.Ct. at 2025.[3] During his period of release, Magee was not committed to the custody of either the Attorney General or the Bureau of Prisons, and therefore was not detained. See id. at 2025, 2028. Accordingly, Magee is not entitled to credit for the eight days he was released pending trial. See id. at 2029; see also United States v. Freeman, 922 F.2d 1393, 1397 (9th Cir.1991) (discussing predecessor statute to 18 U.S.C. § 3585(b), noting that "federal case law overwhelmingly rejects the notion of credit for release on bond pending trial").[4]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his informal brief, Magee appears to be appealing the district court's denial of both his second and his third § 2255 motions. Because Magee has only filed a notice of appeal from the denial of his second § 2255 motion, to the extent Magee seeks review of the denial of his third § 2255 motion, we dismiss that part of his appeal for lack of jurisdiction, and will only review his contentions with regard to his second § 2255 motion. See Fed.R.App.P. 4(a); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1977)
 
 
 [2]
 Because we affirm the district court's denial of Magee's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [3]
 Magee argues that Koray should not apply retroactively, however, this argument fails. See Tanner v. Sivley, 76 F.3d 302, 303-04 (9th Cir.1996) (applying Koray retroactively in case involving confinement to community treatment center as condition of probation)
 
 
 [4]
 We consider Magee's "Motion for Summary Judgment After the Court Reviews Defendant's Briefs" as part of his briefing in this matter and, based on our disposition of this case, deny the motion