Joseph G. SNISKY, Petitioner,

v.

Michael V. PUGH, Warden, Respondent.

Civil Action No. 3:CV–97–0358.

United States District Court,
M.D. Pennsylvania.

Aug. 19, 1997.

Joseph Snisky, pro se.

Larry Selkowitz, Asst. U.S. Atty., Harrisburg, PA, for Respondent.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Presently before the Court is the Petitioner's motion for habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241. The Petitioner alleges that he is entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B) because of his successful completion of a 500 hour Comprehensive Drug Treatment Program at the Federal Correctional Institution at McKean. For the reasons set forth *infra*, we shall deny the petitioner's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

The Petitioner is currently serving a one hundred twenty-one (121) month term of incarceration at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania. (Doc. 7, Exhibit 1, p. 3). Mr. Snisky was convicted in the United States District Court for the Middle District of Pennsylvania of Conspiracy to Distribute and to Possess With the Intent to Distribute Cocaine in violation of 21 U.S.C. § 846; Possession of Counterfeit Coins with the Intent to Defraud in violation of 18 U.S.C. § 485; and Possession of a Weapon by a Felon in violation of 18 U.S.C. § 922(g)(1). *Id.* at pp. 3–5. The Petitioner was also convicted of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 371. *Id.* at p. 5. Mr. Snisky successfully completed a 500 hour Drug Treatment Program on February 10, 1994 (Doc. 1, Exhibit A). The Bureau of Prison's determined that Mr. Snisky was ineligible for a reduction of his sentence under § 3621(e)(2)(B) because he was convicted of a crime of violence in violation of 18 U.S.C. § 922(g)(1). The Plaintiff argues that the completion of the program made him eligible for early release under 18 U.S.C. § 3621(e)(2)(B), contending that § 922(g)(1) is not a crime of violence.

On March 7, 1997, the Petitioner filed this 28 U.S.C. § 2241 habeas corpus petition. (Doc. 1). This Court issued a rule to show cause Order (Doc. 4) on March 13, 1997, directing the government to respond to the Petitioner's allegations set forth in his habeas corpus petition. The government responded to the Court's Order on April 3, 1997. (Doc. 7).

### DISCUSSION

In his habeas corpus petition, Snisky contends that the Bureau of Prisons (hereinafter "BOP") decided that he was ineligible for a reduction in his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B) of the Violent Crime Control and Law Enforcement Act of 1994, because it was determined by the BOP that his conviction for Possession of a Weapon by a Felon was a crime of violence. (Doc. 1, P. 8).

The Act provides:

(2) Incentive for prisoners' successful completion of treatment program.—

(B) period of custody.— The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (1994).

Although the statute does not define "nonviolent offense," the BOP has implemented regulations which define "crime of violence" as it is used in the criminal code. The

applicable regulation is 28 C.F.R. § 550.58, which provides:

[a]n inmate who completes a residential drug abuse treatment program during his or her current commitment may be eligible for early release by a period not to exceed 12 months, ... unless the inmate's current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)....

28 C.F.R. § 550.58 (1995).

18 U.S.C. § 924(c)(3) provides:

[T]he term "crime of violence" means an offense that is a felony and—

- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

- (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The BOP further defined "crime of violence" by issuing a Program Statement which lists a number of crimes that are to be considered crimes of violence. Program Statement, *Definition of Term, "Crimes of Violence"* (July 24, 1995) [1]. Section 7 of the Program Statement specifically provides that a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is to be considered a crime of violence in all cases.

Mr. Snisky contends that the Bureau of Prison's conclusion that his violation of 18 U.S.C. § 922(g)(1) is a crime of violence pursuant to the Bureau's Program Statement (Doc. 7, Exh. 1, p. 31) is erroneous. He cites a number of cases in his petition claiming that they have held that a felon in possession of a firearm is not a crime of violence.

On the contrary, the BOP argues that the Plaintiff is categorically denied any reduction in his sentence under 18 U.S.C. § 3621(e)(2)(B) because his offense is specifically listed in its Program Statement as a "crime of violence." The BOP contends that Congress delegated to the Bureau broad discretionary authority in 18 U.S.C. § 3621(e)

and therefore must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation.

**A. Exhaustion of Administrative Remedies**

We must first address the BOP's argument that the Plaintiff's petition for habeas corpus should be dismissed for failure to exhaust available administrative remedies. The Plaintiff does not deny that he has not exhausted his administrative remedies. However, he argues that the "lack of the exhaustion does not rob the Court of jurisdiction over the petition and exceptions to the general requirement are made." (Doc. 1, p. 9).

Although we recognize that a habeas corpus petitioner may not generally bypass administrative remedies and proceed directly to the district court, *Talerico v. Warden*, 391 F.Supp. 193 (M.D.Pa.1975), we also recognize that exhaustion may be excused where administrative exhaustion "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3rd Cir.1988). *See also Dougherty v. Crabtree*, 812 F.Supp. 1089 (D.Or.1991) (district court has discretion to decide whether to excuse the failure to exhaust remedies and to reach the merits, or to require a petitioner to perfect the exhaustion of administrative remedies before proceeding in court).

The Petitioner is scheduled to be released on February 6, 1999. In light of this fact and given the fact that the Plaintiff's offense is categorically defined as a "crime of violence" by the terms of the Program Statement, we find that it would be futile for him to exhaust his administrative remedies any further. We are well aware that the BOP Program Statement would unequivocally deny the Petitioner eligibility and the petition would be returned to this Court subsequent to such a denial. Therefore, we will

---

1. On April 23, 1996, the Bureau of Prisons issued a "Change Notice (CN–01)" which added a number of offenses to Section 7 of the Program

Statement 5162.02. However, the "Change Notice" did not affect the list of violent offenses that were previously included in Section 7 of 5162.02.

address the Plaintiff's petition for habeas corpus on the legal merits presented.

## B. Habeas Corpus

■ A recent Third Circuit case gives us a methodology of reasoning our way through this kind of issue. In *Roussos v. Menifee*, 122 F.3d 159 (3rd Cir.1997), our Circuit considered a prisoner's eligibility for a reduction in his sentence subsequent to his completion of a 500 hour BOP drug treatment program. In *Roussos*, the prisoner was convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. The BOP found the prisoner ineligible for early release because the sentencing court enhanced Roussos' sentence by two levels. The enhancement was the result of the arresting officers finding a firearm at Roussos' vacation home. The BOP disqualified the prisoner for early release based upon the prison's Program Statement, which classified the enhancement under the circumstances as a crime of violence. *Roussos*, at 161.

The prisoner contended that he was eligible for early release because the crime for which he was convicted was not considered a crime of violence under § 924(c). To the contrary, the BOP argued that under the prison's Program Statement, a prisoner is deemed to have committed a "crime of violence" once a two level firearms enhancement is made by the sentencing court. *Roussos*, at 161.

In deciding the case, the Third Circuit looked towards the Ninth Circuit's reasoning in *Downey v. Crabtree*, 100 F.3d 662 (9th Cir.1996). The Ninth Circuit was presented with a similar issue in which a prisoner was denied early release when he had received a two-level enhancement because firearms were found at the location of his arrest. Based upon the prison's Program Statement, the BOP denied Downey eligibility for a sentence reduction even though his conviction for possession of methamphetamine was not a crime of violence.

The Ninth Circuit held "[t]he Bureau erred by conflating the guilt-determination (conviction) and sentencing processes." *Id.* at 668. The Court explained that the relevant statute, § 3621(e)(2)(B), was clear and unambiguous in addressing Downey's conviction. Thus, Downey's conviction was for a drug offense which is not, a crime of violence and was only interpreted as a crime of violence through the sentence enhancement factors.

Similarly, in *Roussos*, the Third Circuit concluded that "[b]y ignoring the offense of conviction and looking only to sentencing factors, the BOP has attempted to transmogrify a 'nonviolent offense' into a 'crime of violence.' " *Roussos*, at 162. Thus, applying the rationale of *Downey*, the Court found that "[t]he BOP's interpretation of a nonviolent offense in the Program Statement to be in conflict with both 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58 and therefore erroneous." *Roussos*, at 162.

In both *Roussos* and *Downey*, the defendants' sentences were "enhanced" by conduct which could be considered violent behavior; but, their "convictions" were for nonviolent behavior. Here, petitioner Snisky's "conviction" was possession of a weapon by a felon which could be considered violent, especially considering all of the circumstances of the conviction. Thus, Snisky's citation of *Downey* as authority in support of his position is unpersuasive.

Our Circuit Court has recently affirmed a district court decision which held that a determination that "a conviction under 18 U.S.C. § 922(g)(1) constitutes 'a crime of violence' [within the meaning of § 924(c) ] is within the discretion of the Bureau of Prisons." *Litman v. Morris*, No. 96–1207, slip op. pp. 5–6 (D.N.J.1997) *aff'd*, 107 F.3d 7 (3d Cir.1997)(table). In *Litman*, Judge Rodriquez's analysis focused on the provision of the Violent Crime Control and Law Enforcement Act which states that a reduction in a prisoners term of incarceration is left to the discretion of the BOP in accordance with 18 U.S.C. § 3621. He reasoned that since such a reduction is left to the discretion of the BOP, a determination as to what crimes constitute a "crime of violence" is also within the judgment of the BOP, where it is not specifically defined by 18 U.S.C. § 924(c)(3). *Id.*

The *Litman* court held that deference should be given to the BOP interpretation of section § 922(g)(1) as a crime of violence " 'so long as it is a permissible construction of the statute,' because a regulatory interpretation

of a statute by the agency responsible for its administration is entitled to great deference by the courts." *Litman*, at p. 6 (*quoting Stinson v. United States*, 508 U.S. 36, 44, 113 S.Ct. 1913, 1918, 123 L.Ed.2d 598 (1993)). *See also Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (deference giver to agency interpretation of its own policy) Furthermore, the Bureau's interpretation as to what: offenses constitute crimes of violence in terms of 18 U.S.C. § 3621(e)(1) will remain valid "as long as it is not unconstitutional, plainly erroneous, or inconsistent with the regulation it interprets." *Litman*, at p. 6. (*citing Stinson*, 508 U.S. at 45, 113 S.Ct. at 1919). We do not find that BOP's exclusion of 18 U.S.C. § 922(g) as a nonviolent offense was unconstitutional, plainly erroneous, or inconsistent with the regulation that it interprets.

Nevertheless, we recognize that the Ninth Circuit in *Crabtree*, 109 F.3d 566 (9th Cir. 1997), reached another conclusion because it had previously decided that a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) was not a crime of violence. However, because the Third Circuit has not decided whether possession of a weapon by a felon is a crime of violence under 18 U.S.C. § 924(c)(3), *Piccolo v. Lansing*, 939 F.Supp. 319, 320 (D.N.J.1996), the conclusion of the BOP that § 922(g)(1) is a crime of violence is *not* inconsistent with any "well established" law in the Third Circuit. *Piccolo*, 939 F.Supp. at 320. Therefore, we cannot apply the same reasoning as the Ninth Circuit.

Moreover, although the Supreme Court in *Stinson*, 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), held that possession of a firearm is a crime of violence under the United States Sentencing Guidelines pursuant to an Amendment to U.S.S.G. § 4B1.2(1), the Court did not find that such a conclusion would apply beyond the context of the United States Sentencing Guidelines. As applied to the case at bar, we may not determine that 18 U.S.C. § 922(g)(1) is not a crime of violence within the holding of *Stinson* because the *Stinson* Court did not determine that such a definition of section 922(g)(1) was to apply beyond the context of the Sentencing Guidelines.

### CONCLUSION

Based upon our review, we determine that the Plaintiff is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241. Because our Circuit Court has affirmed the conclusion that deference should be given to the BOP interpretation of section 922(g) as a crime of violence, we conclude that the Bureau's determination that Mr. Snisky is ineligible for a reduction in his sentence is valid. Accordingly, the Plaintiff's § 2241 motion (Doc. 1) is denied.

### ORDER

AND NOW, THIS 18th DAY OF AUGUST, 1997, IT IS HEREBY ORDERED THAT:

1. The Petitioner's habeas corpus motion pursuant to 28 U.S.C. § 2241 (Doc. 1) is denied.

2. By this ruling, we determine that the Bureau of Prison's interpretation of a violation of 18 U.S.C. § 922(g)(1) as a crime of violence is not unconstitutional or plainly erroneous and therefore should be given great deference by this Court. Accordingly, the Bureau of Prison's conclusion that the Petitioner is not entitled to a reduction of his sentence in terms of 18 U.S.C. § 3621(e)(2)(B) is valid.

3. The Clerk of Court is Directed to Close the Case File.

4. Any appeal from this Order will be deemed frivolous, lacking in probable cause and not in good faith.