**UNITED STATES of America, Plaintiff—Appellee,**

v.

**JUVENILE MALE, Defendant—Appellant.**

No. 05–10190.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2006.

Decided March 17, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sandra M. Hansen, Esq., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Rosemary Marquez, Montoya & Marquez, Tucson, AZ, for Defendant–Appellant.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Juvenile Male appeals the district court's revocation of his probation, and its imposition of a 60–month prison term for aggravated sexual assault. Juvenile Male argues that the district court lacked jurisdiction over his probation revocation proceeding because his transfer from the nonsecure Our Home, Inc. facility to the secure Santa Fe County Youth Development Program constituted a constructive revocation of his probation. In addition, he claims that the 33–month term he spent in the Santa Fe facility was the equivalent of a term of imprisonment, thereby making it an illegal term of his probation agreement, and that his due process rights were violated because no revocation or modification hearing was held prior to the transfer. Finally, he argues that the district court abused its discretion in sentencing him to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the statutory maximum of 60 months in prison, and that he should have instead been sentenced to only 10 months in accordance with the United States Sentencing Guidelines Chapter 7 policy statement.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the decision of the district court.

■ First, Juvenile Male's probation was not constructively revoked when he was transferred from Our Home to Santa Fe. The language of the relevant condition in the probation agreement stated: "The juvenile shall participate in a sex offender treatment program specifically designated for the treatment of adolescent sex offenders as directed by the probation office, to include, but not limited to Our Home, Inc. . . . ." The plain language was therefore not limited to Our Home or another nonsecure facility. In addition, there was no negotiation during Juvenile Male's dispositional hearing that he be placed only in a nonsecure facility. Instead, the central concern of the agreement was, as reflected in its language, the type of treatment Juvenile Male would receive. The Santa Fe facility provided sex offender treatment. Further, Juvenile Male remained under the supervision of the U.S. Probation Office after he was transferred to Santa Fe. *See United States v. Ramirez*, 347 F.3d 792, 801 (9th Cir.2003); *see also United States v. Johnson*, 205 F.3d 1197, 1199–00 (9th Cir.2000). We therefore conclude that Juvenile Male's probation was not constructively revoked when he was transferred, and that the district court exercised proper jurisdiction over his probation revocation hearing.

■ Second, the 33–month term spent in the Santa Fe facility was not an illegal term of imprisonment. In *Reno v. Koray*, 515 U.S. 50, 58, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), the Supreme Court held that the term "official detention" in 18 U.S.C. § 3585(b) applied to those who were both detained in a penal or correctional facility and within the custody of the Bureau of Prisons ("BOP"). In *Tanner v. Sivley*, 76 F.3d 302, 303–04 (9th Cir.1996), we applied *Koray* and held that where a defendant was not under the BOP's custody during his time in a community treatment center as part of his probation, this was not "official detention" within the meaning of 18 U.S.C. § 3585(b). Likewise here, Juvenile Male was not sentenced to a term of imprisonment and was not in the custody of the BOP while he was in the Santa Fe facility, but instead remained in the custody of the U.S. Probation Office. We therefore conclude that Juvenile Male's time at the Santa Fe facility was not a term of imprisonment.

■ Third, Juvenile Male's transfer to and 33–month term in the Santa Fe facility did not violate his due process rights. The Santa Fe facility fell within the original terms of the probation agreement, and the government was under no requirement to seek a modification hearing under Federal Rule of Criminal Procedure 32.1(c).

Finally, we affirm the district court's 60–month sentence. We have held that "[t]he provisions of Chapter 7 of the Guidelines Manual are advisory 'policy statements' as opposed to mandatory 'guidelines.' " *United States v. Steffen*, 251 F.3d 1273, 1277 n. 2 (9th Cir.2001) (citations omitted). However, a sentencing court must consider the Chapter 7 statements, even though it is not bound by them. *See United States v. George*, 184 F.3d 1119, 1119 (9th Cir. 1999). Here, the district court considered the appropriate factors, including the findings and recommendations contained in the Predisposition Investigative Report. It then sentenced Juvenile Male to 60 months in accordance with the statutory maximum set forth in 18 U.S.C. § 5037(c).

We conclude the district court did not abuse its discretion.

For these reasons, we affirm the decision of the district court.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.