**Neil Paris SUGARMAN, Appellant,**

v.

**Percy PITZER, Warden, USP Beaumont, et al., Appellees.**

No. 98–5522.

United States Court of Appeals, District of Columbia Circuit.

April 2, 1999.

(District Court No. 98cv02147)

Neil Paris Sugarman, pro se.

Before: WALD, RANDOLPH, and GARLAND, Circuit Judges.

Opinion for the court filed PER CURIAM.

PER CURIAM:

Appellant, a federal prisoner, filed a habeas petition pursuant to the provisions of 28 U.S.C. § 2241. The district court dismissed the petition, and this court must now determine whether appeals challenging the dismissal of a habeas petition brought by a federal prisoner pursuant to § 2241 are included within the Antiterrorism and Effective Death Penalty Act's (AEDPA) certificate of appealability (COA) requirement. We hold that a COA is not required for federal prisoner § 2241 appeals.

Under the AEDPA, a COA is necessary in order to appeal "[t]he final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or ... the final order in a proceeding under section 2255." *See* 28 U.S.C. § 2253(c)(1). Section 2253 does not refer to § 2241 claims by federal prisoners.

The circuits that have addressed the issue have held that § 2253's COA requirement does not apply to § 2241 claims brought by federal prisoners. *See McIntosh v. U.S. Parole Commission,* 115 F.3d 809, 810 n. 1 (10th Cir.1997) (no COA required for federal prisoner to appeal the denial of § 2241 petition); *Forde v. U.S. Parole Commission,* 114 F.3d 878, 879 (9th Cir.1997) (same); *Ojo v. Immigration and Naturalization Service,* 106 F.3d 680, 681–82 (5th Cir.1997) (same). *See also Ferrante v. U.S. Bureau of Prisons,* 990 F.Supp. 367, 375 n. 2 (D.N.J.1998). In light of the plain language of the AEDPA, which omits federal § 2241 petitions from the list of those requiring COAs, we now join in the conclusion that federal § 2241 petitions are excluded from the COA requirement.

The remaining issues pertaining to this appeal are resolved through an unpublished order issued simultaneously with this opinion.