**Timothy Lee MELTON, Petitioner–Appellant,**

v.

**John HEMINGWAY, Respondent–Appellee.**

No. 01–2620.

United States Court of Appeals, Sixth Circuit.

May 17, 2002.

Before NELSON, SILER, and CLAY, Circuit Judges.

*ORDER*

Timothy Lee Melton, a federal prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 11, 1996, Melton entered a guilty plea to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Melton was sentenced to serve 188 months in prison. Melton's sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). This court affirmed Melton's sentence on June 25, 1998. *United States v. Melton,* No. 96–2411, 1998 WL 381347 (6th Cir. June 25, 1998) (unpub.). Melton's application for a writ of certiorari was subsequently denied by the United States Supreme Court.

In his § 2241 petition, filed on April 30, 2001, Melton asserted the following three grounds for relief: 1) he is actually innocent of the § 922(g) conviction because the State of Michigan had restored his civil rights before he engaged in the act giving rise to his § 922(g) conviction; 2) the enhancement of his sentence under the ACCA was improper because his § 922(g) conviction is invalid; and 3) the enhancement of his sentence under the ACCA violates the Ex Post Facto Clause.

Hemingway filed a response to the petition, to which Melton replied. A magistrate judge filed a report recommending

denial of the petition. Over Melton's objections, the district court adopted the magistrate judge's report and recommendation and denied Melton's petition for a writ of habeas corpus. The district court subsequently denied a certificate of appealability. However, a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition. *See* 28 U.S.C. § 2253(c)(1); *Sugarman v. Pitzer*, 170 F.3d 1145, 1146 (D.C.Cir.1999). Melton filed a timely appeal.

We review de novo the denial of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly denied Melton's petition.

A person who has been convicted of a crime in Michigan will generally have his civil rights restored upon completion of his sentence and any period of probation or parole. *See United States v. Campbell*, 256 F.3d 381, 391 (6th Cir.2001); *Hampton v. United States*, 191 F.3d 695, 699–702 (6th Cir.1999). However, even after a person's civil rights have been restored, Michigan law restricts a convicted person's right to possess firearms for a period of time after the sentence imposed for a particular crime has been served. Mich. Comp. Laws Ann. § 750.224f (West Group 2001). "A person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in [Michigan] until" the expiration of five years after all fines have been paid, all terms of imprisonment have been served, and all conditions of probation or parole have been successfully completed. Mich. Comp. Laws Ann. § 750.224f(2)(a) (West Group 2001).

The felon in possession charge against Melton was predicated upon his 1986 Michigan conviction for felonious assault. The felonious assault conviction constitutes a specified felony as that term is defined by Michigan law. *See* Mich. Comp. Laws Ann. § 750.224f(6)(i) (West Group 2001). Thus, Melton was subject to the provisions of § 750.224f(2), and was restricted from possessing a firearm for five years after he completed his sentence on March 7, 1993. *See* Mich. Comp. Laws Ann. § 750.224f(2)(a) (West Group 2001). Because Melton possessed a firearm in November and December 1995, prior to the expiration of his five-year firearm restriction, he was subject to prosecution under § 922(g) for being a felon in possession of a firearm.

Contrary to Melton's contention, the provisions of § 750.224f apply to him because that statute became effective prior to the date on which he completed his sentence for felonious assault. Furthermore, subjecting Melton to the provisions of § 750.224f does not offend the Ex Post Facto Clause. *See Lynce v. Mathis*, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997).

In addition, the provisions of the ACCA do not violate the Ex Post Facto Clause inasmuch as the ACCA penalizes the prospective conduct of possession of a firearm by a person who has had three prior felony convictions. The provisions of § 924(e) do not attach new consequences to, or increase the punishment for, past acts. *See id.*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.