

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2005

# Lara v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1221

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lara v. Smith" (2005). *2005 Decisions.* Paper 1110.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1110

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 05-1221 and 05-1378

———————

GIOVANNI LARA,
                              Appellant

v.

JOSEPH V. SMITH

———————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-CV-02491)
District Judge: Honorable James F. McClure, Jr.

———————

Submitted Under Third Circuit LAR 34.1(a)
May 25, 2005

Before:    SLOVITER, BARRY AND FISHER, <u>Circuit Judges</u>.

(Filed: May 31, 2005 )

———————

OPINION

———————


PER CURIAM

        Giovanni Lara appeals from an order of the United States District Court for the

1

Middle District of Pennsylvania, dismissing his habeas petition for lack of jurisdiction, and from orders denying his motions filed pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.[1]  We will affirm.

Lara was convicted in the United States District Court for the District of Rhode Island and was given a sentence of life in prison for car-jacking and witness intimidation. As part of this sentence, Lara was also ordered to pay restitution in the amount of $234,000.  It does not appear that Lara challenged the restitution order on direct appeal. See United States v. Lara, 181 F.3d 183, 190 (1st Cir. 1999).  Lara subsequently filed a motion pursuant to 28 U.S.C. § 2255, which was denied.

On November 17, 2004, Lara filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Middle District, which is the district of his confinement.  His petition alleges that the sentencing court imposed an illegal restitution order, as it imposed restitution under the Mandatory Victim Restitution Act, instead of the Victim Witness Protection Act, which Lara believes applies.  He also claimed that the sentencing court did not make required factual findings before imposing restitution, and that his trial counsel and appellate counsel were ineffective for failing to raise the issues.  Lara argued that 28 U.S.C. § 2255 was inadequate and ineffective to bring a challenge to his restitution order, and that he could thus proceed under § 2241.

---

[1] We have jurisdiction to consider each of these orders.  A timely-filed Rule 59(e) motion extends the time to appeal until the order disposing of the motion is entered.  Fed. R. App. P. Rule 4(a)(4).  Lara timely appealed following the denial of his Rule 59(e) motion, and also timely appealed following the denial of his Rule 60(b) motion.

The District Court agreed that Lara could not raise his challenge in a § 2255 motion, but rejected his argument that he could do so via a § 2241 habeas petition. We agree. In his Rule 59(e) motion, Lara cited a non-precedential opinion of this Court, Galluzzi v. Jusino, No. 01-2706, slip op. (3d Cir. Oct. 2, 2002), for the proposition that a restitution challenge may be brought in a § 2241 petition because the challenge is to the execution of one's sentence. As the District Court correctly noted, Galluzzi involved a challenge to a restitution schedule established by the Bureau of Prisons, and did not challenge the validity of the restitution order itself. Thus, Galluzzi did involve the execution of a sentence, which is cognizable in a § 2241 petition. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001). In contrast, Lara challenges the validity of the restitution order in his case, and not its execution. That is not a claim cognizable in a § 2241 petition.[2] We express no opinion as to whether he could challenge the order via a writ of error coram nobis in the sentencing court.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[2] In his reply brief, Lara argues that his co-defendant, George Sepulveda, who also filed a § 2241 petition challenging his restitution order, "was allowed to have his claims herd [sic] under section 2241, and was transfered [sic] back to Rhode Island." Lara is half right. According to the order he attaches as an exhibit, the District Court in Sepulveda's case "converted Petitioner's § 2241 Habeas Petition into a petition for writ of error coram nobis" and transferred the action to the sentencing court in Rhode Island. See Sepulveda v. Smith, M.D. Pa. Civ. No. 04-CV-02493, Report and Recommendation, at 2, 6 (attached to Lara's reply brief); Sepulveda v. Smith, M.D. Pa. Civ. No. 04-CV-02493, District Court order entered March 31, 2005 (adopting Report and Recommendation). Thus, Sepulveda was not allowed to proceed under § 2241.