

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2005

# Ciocca v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4412

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ciocca v. USA" (2005). *2005 Decisions*. Paper 162.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/162

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-4412
_____

JACK CIOCCA,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-1563)
District Judge:  Honorable A. Richard Caputo

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 17, 2005

Before:  RENDELL, AMBRO and BECKER, <u>Circuit</u> <u>Judges</u>

(Filed: December 5, 2005)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Jack Ciocca appeals from the District Court's order dismissing his petition for a

writ of habeas corpus under 28 U.S.C. § 2241.  Because Ciocca's appeal presents no

substantial question, we will grant the Government's motion for summary affirmance.

On October 25, 1995, Jack Ciocca was convicted of possession with intent to distribute 500 grams or more of cocaine and conspiracy with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 and 18 U.S.C. § 2 in the United States District Court for the District of Maine. The district court sentenced him to a term of 188 months imprisonment based, in part, on its finding that he had possessed 7.0559 kilograms of cocaine during the course of his criminal activities. The district court made this finding based on the testimony of Kevin Caporino, an associate of Ciocca's who had been cooperating with law enforcement authorities. Caporino participated in one controlled buy of three-and-a-half ounces of cocaine from Ciocca, and was in the process of delivering one kilogram of cocaine for him when the Drug Enforcement Agency arrested Ciocca. At trial, Caporino also testified that he had acted as a courier for Ciocca on six other occasions. On the basis of this testimony, the sentencing court found that Ciocca had possessed six kilograms of cocaine in addition to the 1.0559 kilograms that Ciocca had in his possession while he was under surveillance.

Ciocca appealed his conviction, claiming, among other things, that the district court violated Brady v. Maryland, 373 U.S. 83 (1963) when it refused to admit psychiatric records regarding Caporino's mental state following severe brain damage that he had suffered as a result of a car accident in 1983. The First Circuit Court of Appeals affirmed

2

Ciocca's conviction and sentence, finding that he had ample opportunity to impeach Caporino's credibility with cross-examination about Caporino's car accident and brain damage. United States v. Ciocca, 106 F.3d 1079, 1083 (1st Cir. 1995).

Following his conviction, Ciocca has unsuccessfully attempted to avail himself of numerous post-conviction remedies. On September 10, 1998, the District Court in the District of Maine denied Ciocca's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. United States v. Ciocca, No. 98-0074 (D. Me.). He has since sought leave to file a second or successive § 2255 motion from the First Circuit, which was denied. Ciocca v. United States, No. 01-1608 (1st Cir. May 11, 2001). He has also filed a motion for a new trial, United States v. Ciocca, No. 95-0040 (D. Me. Jan. 19, 2000), a petition for a writ of mandamus, No. 00-0396 (D. Me. May 14, 2001), and a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Ciocca v. United States, No. 00-2122 (M.D. Pa. July 3, 2001), all of which have been denied. After the district court in Maine denied his most recent § 2255 motion, United States v. Ciocca, No. 04-0201 (Dec. 6, 2004), he brought the same claims in the Middle District of Pennsylvania in the instant petition for a writ of habeas corpus.

On August 4, 2005, Ciocca filed this habeas petition claiming two constitutional violations at his sentencing. First, he argues that his sentencing violated the rule announced by the Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005). He also claims that the sentencing court violated his right to due process under Townsend v.

3

Burke, 334 U.S. 726 (1948), by relying on unreliable and false information in sentencing when it credited Ciocca with possession of six kilograms of cocaine based on Caporino's testimony of his six trips as a courier on Ciocca's behalf. Supporting this contention is an affidavit from a neuropsychologist who has recently examined Caporino and found that, due to brain damaged suffered in his car accident in 1983, Caporino could not have accurately remembered his trips on behalf of Ciocca that he testified to at trial. Ciocca asserts that he was unable to bring this claim earlier because this is newly discovered evidence that he was unable to obtain until 2003. The District Court dismissed his petition because § 2255 is not inadequate or ineffective to bring his claims. He filed a timely notice of appeal. We will affirm.

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion. See Davis v. United States, 417 U.S. 333, 343 (1974). The "savings clause" of § 2255 provides that a federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). Section 2255 is not inadequate or ineffective merely because the petitioner was denied relief or is unable to meet the requirements for filing a second or successive motion. Id. at 251. "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner,

4

290 F.3d 536, 538 (3d Cir. 2002). In deciding whether a claim fits within the "savings clause," it is the inefficacy of the remedy provided for in § 2255, and not any personal inability of a petitioner to use it that is determinative. Id.

Ciocca's sole argument that § 2255 is inadequate or ineffective to raise his claims is that the First Circuit has denied him permission to file a successive § 2255 motion. However, the mere fact that he has been denied permission to bring his claims under § 2255 does not show that the remedy is inadequate. See Dorsainvil, 119 F.3d at 251. Neither of Ciocca's claims falls within the "savings clause" of § 2255.

First, § 2255 is not inadequate or ineffective to bring Booker claims. In Okereke v. United States, 307 F.3d 117, 121 (3d Cir. 2002), we held that § 2255 is not inadequate or ineffective for prisoners seeking to raise Apprendi claims. Similarly, § 2255 is not inadequate or ineffective to raise a claim under Booker, which is an extension of Apprendi. Ciocca is unable to receive a full adjudication of his Booker claim because Booker does not apply retroactively to cases on collateral review, see Lloyd v. United States, 407 F.3d 608, 615 (3d Cir. 2005), not due to any limitation in the procedures provided for in § 2255.

Likewise, Ciocca's inability to receive a full hearing or adjudication of his Townsend claim in a § 2255 motion is not due to a limitation in the scope of the remedy. Ciocca claims that the evidence he needed was unavailable until 2003, but he could have brought his Townsend claim in his original § 2255 motion. Ciocca was aware of Caporino's car accident and psychological problems at the time of trial. Caporino's cross-examination at trial elicited testimony regarding how he had amnesia following his 1983 car accident, that he was "a walking zombie," and had to "build a new brain." Ciocca, 106 F.3d at 1083 (1997). Since Ciocca did not bring his Townsend claim in his

5

first § 2255 motion, he no longer has the opportunity to receive a full adjudication of the claim in a subsequent motion. Ciocca, No. 04-0201 (D. Me. Dec. 6, 2004); see Soustache-Rivera v. United States, 221 F.3d 8, 17 (1st Cir. 2000). However, this personal inability to use § 2255 in this case does not make the remedy ineffective or inadequate allowing the use of § 2241. See Cradle, 290 F.3d at 538

In short, upon consideration of Ciocca's petition and "Memorandum in Opposition to Summary Action," we conclude that his appeal presents us with no substantial question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we grant the Government's motion for summary affirmance and will affirm the District Court's order.[1]

---

[1] Ciocca was advised that this Court would consider whether to issue a certificate of appealability. Because this petition is brought under § 2241, no certificate of appealability is required. See 28 U.S.C. § 2253(c)(1)(B); Sugarman v. Pitzer, 170 F.3d 1145, 1146 (D.C. Cir. 1999).