

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# D'Amario v. Bailey

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1167

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"D'Amario v. Bailey" (2006). *2006 Decisions.* Paper 1015.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1015

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DPS-179**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1167
_____

ARTHUR D'AMARIO, III

Appellant
v.

WARDEN NANCY BAILEY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 00-cv-2400)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 30, 2006

Before:  ROTH, FUENTES and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: May 31, 2006)
_____

OPINION
_____

PER CURIAM

     Arthur D'Amario appeals from the District Court's order denying his motions to

hold witnesses in contempt and for recusal of the Distict Judge.[1] Because D'Amario's

appeal presents no substantial question, we will summarily affirm.

On June 15, 2000, D'Amario filed a petition for habeas corpus under 28 U.S.C.

§ 2241 in the United States District Court for the District of New Jersey, challenging the

Bureau of Prisons' calculation of his sentence. On July 25, 2000, the United States

District Court for the District of New Jersey denied D'Amario's petition for habeas

corpus. His appeal was dismissed as moot and D'Amario began serving a new sentence

for a later federal conviction. See United States v. D'Amario, 350 F.3d 348 (3d Cir.

2003).

After attempting several times to gain relief from the District Court's judgment,

D'Amario filed the instant motions. He moved for the recusal of the District Judge from

this and other cases that D'Amario was pursuing in the District of New Jersey. He also

moved that two government witnesses be adjudged in contempt of court for allegedly

lying in affidavits that they submitted relating to the Bureau of Prisons' calculation of

D'Amario's sentence. The District Court denied both motions without a hearing.

D'Amario filed a timely notice of appeal.

Adverse legal rulings are not proof of prejudice or bias and, almost never, a basis

for recusal under 28 U.S.C. §§ 144 or 455(b)(1). Liteky v. United States, 510 U.S. 540

---

[1] The order appealed from also denied D'Amario's motions for a certificate of appealability and to correct the record in a separate case. D'Amario's request for a certificate of appealability in that case is pending in this Court. See D'Amario v. United States, No. 05-5502.

(1994); Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000). Other than his complaints about the District Judge's legal rulings, D'Amario supports his recusal motion with a fantastic conspiracy theory for which he provides no evidence. Because the motion, to the extent that it is not just a collection of conclusory allegations, is no more than a disagreement with the legal conclusions of the District Judge, it was properly denied. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990).

D'Amario's motion, titled "motion for sanctions" wherein he moves to have two government witnesses placed in contempt, was also properly denied by the District Court. While false statements in an affidavit may be perjury, save for exceptions not applicable here, they cannot be the basis for a finding of contempt. See In re Michael, 326 U.S. 224, 228 (1945). Further D'Amario offers no evidence that the affidavits in this case were false in any way.

In short, upon consideration of D'Amario's letter in opposition to summary action, we conclude that his appeal presents us with no substantial question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will affirm the District Court's order.[2]

---

[2]D'Amario was advised that this Court would consider whether to issue a certificate of appealability. Because this appeal relates to a petition brought under § 2241, no certificate of appealability is required. See 28 U.S.C. § 2253(c)(1)(B); Sugarman v. Pitzer, 170 F.3d 1145, 1146 (D.C. Cir. 1999).