

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Lara v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2766

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lara v. Smith" (2006). *2006 Decisions*. Paper 188.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/188

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-24** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2766

———————

GIOVANNI LARA,
                                        Appellant

v.

JOSEPH SMITH

———————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00650)
District Judge: Honorable James F. McClure, Jr.

———————

Submitted For Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 26, 2006

———————

Before: BARRY, AMBRO AND FISHER, <u>CIRCUIT JUDGES</u>.

(Filed:   November 16, 2006)

———————

OPINION

———————

PER CURIAM

        Appellant, Giovanni Lara, was sentenced in October 1997 to life imprisonment

plus a concurrent term of ten years after a jury sitting in the United States District Court for the District of Rhode Island convicted him of carjacking in violation of 18 U.S.C. § 2119(3), and witness intimidation in violation of 18 U.S.C. § 1512(b). Lara's conviction and sentence were affirmed on direct appeal. See United States v. Lara, 181 F.3d 183 (1st Cir.1999), cert. denied, 528 U.S. 979 (1999). His attempt to vacate his sentence under 28 U.S.C. § 2255 was rejected by the Rhode Island District Court in December 2001, and the Court of Appeals affirmed that decision on May 28, 2002. See Lara v. United States, C.A. No. 01-2745 (1st Cir. 2002).

Lara was likewise unsuccessful in the District Court of Rhode Island with his attempts at relief filed pursuant to 18 U.S.C. § 3582(c)(2) and Fed. R. Civ. P. 60(b). After the District Court for the Middle District of Pennsylvania dismissed a petition Lara filed under 28 U.S.C. § 2241, see Lara v. Smith, M.D. Pa. Civ. No. 04-cv-02493, aff'd 132 Fed. Appx. 420 (3d Cir. 2005), he returned to the District Court of Rhode Island and filed a coram nobis petition. That petition fared no better than Lara's prior attempts at collateral relief, and was denied by the District Court on January 20, 2006. See Lara v. United States, 2006 WL 161599 (D.R.I. 2006). Finally, Lara claims that he thereafter filed a motion seeking permission to file a second or successive § 2255 motion with the United States Court of Appeals for the First Circuit, but that his request was denied because he failed to make the prima facie showing required for the filing of such a motion. Additionally, Lara asserts that the First Circuit Court of Appeals noted that a § 2255 motion based on new evidence would be untimely in any event. See Objections to

2

Magistrate Judge's Report at 3.

Lara, who is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, proceeded to file yet another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the United States District Court for the Middle District of Pennsylvania. It is the District Court's dismissal of that petition that is the subject of this appeal.

In his § 2241 petition, Lara argues that § 2255 is an inadequate or ineffective remedy for him at this point because his primary claim is not based on newly discovered evidence or a new rule of constitutional law. Instead, he alleges that he was unable to raise a claim in his prior § 2255 motion that his jury was not selected from a representative cross-section of the community and that the District Court erred by not conducting a hearing on this issue, because the census statistics necessary to support such a claim were not available (and, because of financial constraints, could not be procured) until after his initial § 2255 motion was due to be filed.[1] Lara further contends that trial counsel was ineffective because he failed to request fees for expert investigation work and census statistics under 18 U.S.C. § 3006A.

Motions filed pursuant to § 2255 "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the

---

[1] Lara did present a fair cross-section claim on direct appeal. The Court of Appeals for the First Circuit found that claim to be unavailing. United States v. Lara, 181 F.3d at 191.

3

Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted). Under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be "inadequate or ineffective," a habeas corpus petition cannot be entertained by the court. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. Id. (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). See also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

There can be no doubt that the claims Lara presents in the instant petition fall within the purview of § 2255. We agree with the District Court that Lara has not demonstrated that § 2255 is an "inadequate or ineffective" remedy under the circumstances presented here. Section 2255 is not "inadequate or ineffective" merely because a petitioner is unable to meet its stringent gatekeeping requirements. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Moreover, the "safety-valve" provided under § 2255 is extremely narrow, and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120. Lara does not challenge his conviction on the ground that an intervening change in the law has rendered his actions non-criminal. See id. at 120-21.

Accordingly, we agree with the District Court's conclusion that it could not

4

entertain Lara's petition. We will, therefore, grant the appellee's motion and summarily

affirm the District Court's judgment.[2]

---

[2] The parties were advised that, in addition to summary action, the Court would consider whether a certificate of appealability was necessary. However, because the District Court properly treated the petition as one filed solely pursuant to § 2241, a certificate of appealability is not necessary. See 28 U.S.C. § 2253(c)(1)(B); Sugarman v. Pitzer, 170 F.3d 1145, 1146 (D.C. Cir.1999).    5